UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>LOGICAL PLUS, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 06-7963 SI (WDB)<br><br>ORDER AWARDING ATTORNEY'S FEES AND COSTS |

On January 14, 2008, the undersigned held a hearing on the Order to Show Cause the Court issued on December 21, 2007. The Order to Show Cause required both defendant Joseph Chang and his attorney, Philip Lo, to attend the hearing on January 14, 2008, in person and therein to show cause why sanctions should not be imposed for (1) failing to lodge an updated Confidential Settlement Conference Statement, (2) failing to appear in person at the settlement conference that was duly scheduled for December 18, 2007, (3) failing to timely file a written request to appear at the settlement conference by telephone instead of in person, and (4) misleading the Court about whether plaintiff objected to the last-minute request by defendants to appear by phone. Henry H. Gonzalez, Esq. appeared on behalf of plaintiff; Philip Lo, Esq. appeared on his own behalf and, purportedly, on behalf of defendants. Without seeking or being granted permission, and without justification shown, defendant Joseph Chang did not appear at the show cause hearing.

1

The Court directed Mr. Gonzalez to submit a declaration setting forth plaintiff's attorney's fees and expenses in connection with attending the further settlement conference, and attorney's fees in connection with the show cause hearing. By declaration dated January 17, 2008, Mr. Gonzalez states that plaintiff was billed at his hourly rate of $325 for 8.4 hours for preparing for, traveling to, and attending the December 17, 2007, settlement conference; 1.3 hours preparing for and participating at the show cause hearing; and 0.4 hours for preparing the declaration regarding attorney's fees. Defendant did not file an opposition to the Gonzalez declaration.

Information obtained from the law firm representing plaintiff, Baute and Tidus, demonstrates that Mr. Gonzalez is a Harvard Law School graduate, has been a member of the California bar since 2000, and has focused his practice on commercial litigation and white-collar criminal matters. We have sufficient experience with the prevailing market rates in the Bay Area and the Los Angeles area, where Mr. Gonzalez practices, to conclude that this billing rate is reasonable for someone of his level of experience. We also find that the tasks performed by counsel were reasonably undertaken. We therefore award plaintiff attorney's fees for a total of 10.1 hours, in the amount of $3,282.50[1] in connection with defendant's and defense counsel's unexcused failure to appear at the further settlement conference on December 18, 2007.

Mr. Gonzalez further states that plaintiff was billed $268.80 for his round trip airfare from Burbank to Oakland to appear at the further settlement conference. We find this amount to be a reasonable travel expense, and award plaintiff $268.80 in expenses related to defendant's and defense counsel's unexcused failure to appear.

We therefore award plaintiff attorney's fees and expenses in the amount of $3551.30 against defendant Joseph Chang and defense counsel Philip Lo, jointly and severally, as a sanction for their unexcused failure to appear at the further settlement

---

[1] The amount awarded herein differs from the amount requested by plaintiff's counsel because of his apparent error in calculating the amount of fees billed to Symantec for appearing at the hearing on January 14, 2008, which should have been $422.50, rather than $585, based on the 1.3 hours spent preparing for and participating in the hearing. *See* Gonzalez Decl. ¶ 4.

conference. This award shall be paid to plaintiff's counsel by no later than February 18, 2008.

At this time, we make no recommendation to the District Court concerning other sanctions.

IT IS SO ORDERED.

Dated: February 4, 2008

WAYNE D. BRAZIL
United States Magistrate Judge