PHILIP H. LO, State Bar No. 178538
LYNBERG & WATKINS
A Professional Corporation
888 South Figueroa St., 16th Floor
Los Angeles, CA 90017
(213) 624-8700 Telephone
(213) 892-2763 Facsimile

Attorneys for Defendants, LOGICAL PLUS, INC. dba YKE, JOSEPH CHANG, YEN NELSON YU and SHUTTLE PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>　　　　　Plaintiffs.<br><br>　vs.<br><br>LOGICAL PLUS, INC., a New York Corporation, aka Logical Plus.COM; JOSEPH CHANG, an individual; YKE INTERNATIONAL, INC., an entity of unknown organizational form; YKE INC., an entity of unknown organizational form; SHUTTLE PRODUCTS, INC., a California Corporation; YEN NELSON YU, an individual; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO.: NO. C06 07963SI<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION TO SEVER, TO PARTIALLY LIFT STAY TO PROCEED AS TO ALL SOLVENT DEFENDANTS AND TO RENEW ITS SUMMARY JUDGMENT MOTION AS TO SOLVENT DEFENDANTS**<br><br>DATE: September 11, 2009<br>TIME: 9:00 AM<br>DEPT.: 10<br>JUDGE: Hon. Susan Illston<br><br>Pretrial: No date set<br>Conf.<br>Trial:　No date set |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

　　　PLEASE TAKE NOTICE that Defendants hereby oppose Plaintiff's Motion to sever Defendant Logical Plus, Inc., to partially lift stay to proceed as to all solvent defendants and to renew its summary judgment motion as to solvent defendants. Defendants also wish to address the introduction of testimony obtained from the deposition of a deponent (defendant in another action) about

OPPOSITION TO MOTION TO SEVER　　　　1　　　　F:\WP\Cal-team\PHL\2107-0001 Logical\Pld\Opposition to Motion to Sever.wpd

which defendants never received notice.

## I.

## INTRODUCTION

This action is based upon the alleged distribution of counterfeit CD's containing plaintiff SYMANTEC CORPORATION's licensed software by defendants LOGICAL PLUS, INC., JOSEPH CHANG, YEN NELSON YU and SHUTTLE PRODUCTS, INC. Plaintiff alleges that counterfeit CDs were sold by defendants to consumers and to plaintiff's investigators.

Defendant Logical Plus, Inc. filed for bankruptcy protection on or about February 8, 2008. This court stayed the entire action pending resolution of the bankruptcy matter on or about February 20, 2008. Plaintiff now brings this motion to partially lift the stay so that it may proceed against the solvent defendants.

.

## II.

## ARGUMENT

**A. The Motion to Sever or Partially Lift Stay should be denied because Defendants Nelson Yu and Shuttle Products, Inc. are connected only through Logical Plus, Inc., making Logical Plus, Inc. an indispensable party.**

Defendants agree that if an insolvent party is not an indispensable party, that bankrupt defendant can be severed and a matter can proceed. However, despite lack of evidence supporting plaintiff's allegations that Nelson Yu and Shuttle Products, Inc. were involved in the alleged copyright infringement, plaintiff maintains that defendants Yu and Shuttle Products allowed Logical Plus, Inc. to

OPPOSITION TO MOTION TO SEVER 2

F:\WP\Cal-team\PHL\2107-0001 Logical\Pld\Opposition to Motion to Sever.wpd

use its website for e-mail service. By maintaining this connection, plaintiff claims that defendants Yu and Shuttle Products were complicit to the copyright infringing activities.

As plaintiff argues in its Motion to Sever, a bankrupt defendant may be severed from an action so that the solvent parties may proceed with the litigation. However, where the bankrupt defendant is an indispensable party, the argument necessarily becomes that the court cannot sever that defendant or partially lift the stay as to the solvent parties.

In *Lynch v. Johns-Manville Sales Corp.*, 23 B.R. 750, 754, the US District Court recognized the factors set forth in Federal Rules of Civil Procedure, Rule 19(b) that

> The Supreme Court has described those factors as four interests: the plaintiff's interest in having a forum; the defendant's interest in avoiding multiple litigation or inconsistent relief, or sole responsibility for a shared liability; the interest of the outsider whom it would have been desirable to join; and the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. Citing *Provident Tradesman Bank & Trust v. Patterson* (1968) 390 U.S. 102, 109-111.

Here, while plaintiff has argued that it is entitled to a proceed with its action against the solvent defendants, it is the equitable interests of defendants Nelson Yu and Shuttle Products, Inc. which are being impinged. Plaintiff has argued in its motion for summary judgment that defendants Nelson Yu and Shuttle Products, Inc. were involved in the alleged copyright infringing actions by providing e-mail addresses to Logical Plus, Inc. *See* Plaintiff's Motion for Summary Judgment. While defendants Yu and Shuttle Products, Inc. have vigorously denied any involvement in the alleged activities, the allegation necessarily makes Logical Plus, Inc. an indispensable party as it relates to Nelson Yu and Shuttle Products, Inc. Plaintiff are unable to establish that defendants Nelson Yu and Shuttle Products, Inc. were involved in the alleged copyright infringement, if plaintiff is

unable to establish as a matter of law that Logical Plus, Inc. infringed its copyrights.

Therefore, by the definition of indispensable party in Rule 19(b), Logical Plus, Inc. is an indispensable party, and this Motion to Sever or Partially Lift Stay should be denied.

**B.     Alternatively, if the Court Grants this Motion, Defendants Respectfully Request Time to Exclude the Testimony of Oscar Sun or to Add V-Micro, Inc. and Oscar Sun as Co-Defendants to This Action.**

If the Court grants this Motion, defendants request the Court allow sufficient time to seek the exclusion of the testimony provided by Oscar Sun in the *Symantec v. V-Micro, Inc., et al.* action. Defendants seek the exclusion of the testimony presented by plaintiff in support of its motion for summary judgment, because plaintiff did not provide notice to defendants of the deposition. Defendants were never afforded the opportunity to challenge the testimony provided by Oscar Sun, nor were defendants afforded the opportunity to establish their innocence through Oscar Sun.

The importance of V-Micro, Inc. to plaintiff's action is demonstrated by plaintiff's transparent attempt to use testimony and documents produced by V-Micro, Inc. in a separate action. Despite defendants' request to continue trial so that V-Micro, Inc. could be added as a cross-defendant, the Court indicated it would not allow a continuance of the trial. Plaintiff never provided a notice of related action nor did it give defendants notice of the deposition of Oscar Sun. Now, plaintiff relies upon the testimony and documents it obtained in a separate action, an action against V-Micro, Inc., to establish the wilfulness and complicity of defendants Logical Plus, Inc. and Joseph Chang. This is a perversion of law.

Clearly, plaintiff should have filed a Notice of Related Case when it filed its action against V-Micro, Inc. As the Court will also recall, plaintiff claimed that the action against V-Micro, Inc. was unrelated to the instant action. Mr. Sun's testimony regarding where he purchased Symantec software demonstrates otherwise.

Thus, if the Court chooses to grant plaintiff's motion to sever or partially lift stay, defendants respectfully request that the court allow the defendants sufficient time to challenge the testimony of Oscar Sun, to add V-Micro, Inc. and Oscar Sun as cross-defendants in this action or to exclude the testimony from evidence.

## III.

## CONCLUSION

The Motion to Sever or Partially Lift Stay should be denied because Plaintiff has failed to establish that Logical Plus, Inc. is NOT an indispensable party to this action. In the alternative, the court should not renew plaintiff's motion for summary judgment so that defendants can seek the exclusion of improperly introduced testimony or add V-Micro, Inc. and Oscar Sun as cross-defendants. Defendants would request that the motion for summary judgment not be renewed until defendants have been given a fair opportunity to defend themselves.

Dated: August 21, 2009

LYNBERG & WATKINS
A Professional Corporation

BY *[signature]*
PHILIP H. LO
Attorneys for Defendants LOGICAL PLUS, INC., LOGICAL PLUS, INC., dba YKE YEN NELSON YU and SHUTTLE PRODUCTS, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

OPPOSITION TO MOTION TO SEVER            5

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 888 South Figueroa Street, 16th Floor, Los Angeles, California 90017.

On **August 21, 2009,** I served the foregoing document described as follows: **OPPOSITION TO SYMANTEC CORPORATION'S MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PHILIP LO; OBJECTION TO EVIDENCE** all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mark D. Baute, Esq.
Henry H. Gonzalez, Esq.
BAUTE & TIDUS, LLP
777 S. Figueroa Street, Suite 4900
Los Angeles, CA 90017

___ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date this affidavit states the document was deposited for mailing.

___ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

_X_ **(VIA ELECTRONIC SERVICE)** - on the interested parties to this action by submitting an electronic version of the document via FTP upload to ECF/PACER pursuant to the Court's Order re E-Filing.

___ **(BY ELECTRONIC TRANSFER)** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via electronic transfer (facsimile) at the respective telephone numbers indicated. A transmission report was properly issued and each transmission was reported complete and without error.

___ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **August 21, 2009** Los Angeles, California.

Isabel Rivera

OPPOSITION TO MOTION TO SEVER          6