1
2
3
4
5           IN THE UNITED STATES DISTRICT COURT
6           FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   SYMANTEC CORPORATION,                No. C 06-7963 SI
9                Plaintiff,              **ORDER GRANTING PLAINTIFF'S
                                        MOTION TO SEVER DEFENDANT
10       v.                             LOGICAL PLUS, INC., AND TO
                                        PARTIALLY LIFT STAY TO PROCEED
11  LOGICAL PLUS, INC., *et al.*,       AGAINST ALL REMAINING SOLVENT
                                        DEFENDANTS; SETTING SCHEDULE
12               Defendants.            ON SUMMARY JUDGMENT MOTION**
                                    /
13

14          Plaintiff's motion to sever defendant Logical Plus, Inc., and to partially lift the stay and renew

15  its motion for summary judgment against the remaining solvent defendants is scheduled for a hearing

16  on September 11, 2009.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is

17  appropriate for resolution without oral argument, and VACATES the hearing.  For the reasons set forth

18  below, the Court GRANTS plaintiff's motion, LIFTS THE STAY as to defendants Joseph Chang, Yen

19  Nelson Yu, and Shuttle Products, Inc., and sets a schedule for plaintiff's motion for summary judgment.

20

21                          **DISCUSSION**

22          On February 8, 2008, on the morning of the hearing on plaintiff's motion for summary judgment

23  against all defendants, defendant Logical Plus, Inc. filed for bankruptcy.  By order filed February 20,

24  2008, the Court stayed this case due to Logical Plus's bankruptcy filing, and denied plaintiff's motion

25  for summary judgment without prejudice.  The Court ordered the Clerk to administratively close this

26  case until the bankruptcy stay was lifted.  The Court's order also stated that if any party contended that

27  the case could proceed against the non-bankrupt defendants, that party could file a motion to sever and

28  partially lift the stay.

**United States District Court**
**For the Northern District of California**

United States District Court
For the Northern District of California

1    Plaintiff has now filed a motion to sever Logical Plus and to partially lift the stay in order to

2    proceed against defendants Joseph Chang, Yen Nelson Yu, and Shuttle Products, Inc.  Plaintiff also

3    wishes to renew its summary judgment motion against these defendants.  Plaintiff has submitted a

4    declaration from its attorney, Henry Gonzalez, stating that plaintiff filed a claim in the bankruptcy

5    proceedings in June 2008, but that those proceedings "have proceeded at virtually a standstill."

6    Gonzalez Decl. ¶ 14.  Plaintiff has submitted the docket from the bankruptcy proceedings showing that

7    on June 24, 2009, the Meeting of Creditors was continued for the sixteenth time.  *Id*. ¶ 16, RJN Ex. 6

8    at 4.[1]  Plaintiff argues that it must be permitted to proceed against the solvent defendants in order to

9    avoid prejudice and delay.

10    Defendants Chang, Yu and Shuttle Products, who are all represented by the same counsel,[2] have

11    filed an opposition to the motion, but the opposition only addresses Yu and Shuttle Products.

12    Defendants argue that Logical Plus cannot be severed because plaintiff alleges that Yu and Shuttle

13    Products are liable for infringement only by virtue of their connection with Logical Plus (by allegedly

14    providing e-mail addresses to Logical Plus), and thus Logical Plus is an indispensable party.  Plaintiff

15    responds that defendants are all joint tortfeasors, and that joint tortfeasors are not indispensable and may

16    be severed.

17    Courts have discretion when ruling on motions to sever claims under Federal Rule of Civil

18    Procedure 21.  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  "It is beyond peradventure

19    that joint tortfeasors are not indispensable parties in the federal forum." *Lynch v. Johns-Mansville Sales*

20    *Corp.*, 710 F.2d 1194, 1198 (6th Cir. 1983) (holding bankruptcy filing of one defendant was not a basis

21    for staying action as to other joint tortfeasor defendants).  Plaintiff is also correct that defendants may

22    be held jointly and severally liable for infringement. *See Fonovisa Inc. v. Cherry Auction, Inc.*, 76 F.3d

23    259, 264 (9th Cir. 1996).  Accordingly, Logical Plus is not an indispensable party, and may be severed

24    from this case.  The Court further finds that it is appropriate to lift the stay because given the state of

25    the bankruptcy proceedings, plaintiff would be prejudiced by a further complete stay of this case.

26

27    [1]  The Court GRANTS plaintiff's request for judicial notice.  (Docket No. 66).

28    [2]  The same counsel also represents Logical Plus.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to sever and partially lift the stay. (Docket No. 63). The Clerk shall reopen this case as to defendants Chang, Yu and Shuttle Products, Inc.

The Court will also deem plaintiff's motion for summary judgment as refiled as of the date of this order. (Docket No. 45). However, the Court directs the parties to submit supplemental briefing on the summary judgment motion specifically focusing on the liability of defendants Chang, Yu and Shuttle Products (as distinct from the liability of Logical Plus). Plaintiff shall file a supplemental brief no later than **September 25, 2009**, defendants shall file an opposition no later than **October 2, 2009**, plaintiff shall file a reply no later than **October 9, 2009**, and the Court will hold a hearing on the motion on **October 16, 2009 at 9:00 am**. The Court will also hold a case management conference on **October 16, 2009 at 3:00 pm**; the parties shall file a joint case management conference statement no later than **October 9, 2009**.

**IT IS SO ORDERED.**

Dated: September 8, 2009

_____
SUSAN ILLSTON
United States District Judge