IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>                Plaintiff,<br><br>   v.<br><br>LOGICAL PLUS, INC., *et al.*,<br><br>                Defendants.         / | No. C 06-7963 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Plaintiff's motion for attorneys' fees and costs is scheduled for a hearing on September 10, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion.

**DISCUSSION**

In an order filed June 4, 2010, the Court held that plaintiff Symantec was entitled to recover from defendant Chang its attorneys' fees and costs for all of its claims under the Copyright Act, 17 U.S.C. § 505, as well as its fees and costs for its "related" Lanham Act claims. *See Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003) (holding a plaintiff can recover under the Copyright Act for factually related claims). In October 2009, the Court granted Symantec's motion for summary judgment as to liability based on Chang's willful infringement of Symantec's copyrights and trademarks, and on June 4, 2010, the Court awarded statutory damages of $650,000 against Chang.

Symantec has now filed a motion for attorneys' fees seeking an award of $245,754.00 in attorneys' fees and $28,754.27 in costs. Symantec has filed the declaration of Henry Gonzalez, with

exhibits, in support of the fee motion. In his declaration, Mr. Gonzalez explains the expenses that plaintiff incurred in litigating this case. For example, Mr. Gonzalez states that "[s]ervice of process required engaging the services of a private investigator [because] [w]e found that the defendants had moved their business more than once, and the addresses listed on their website had changed." Gonzalez Decl. ¶ 3. Mr. Gonzalez also addresses the reasonableness of the attorneys' fees sought under the circumstances of this case, including the fact that early in the case, Symantec showed defense counsel compelling evidence of Chang's infringement in an effort to resolve this litigation. *Id*. ¶¶ 9-12. Despite this evidence – upon which the Court ultimately granted summary judgment in favor of plaintiff – defendant Chang did not admit liability, and plaintiff was required to engage in discovery and several rounds of motion practice as to liability and damages. *Id*. ¶¶ 13-27. In addition, as detailed in plaintiff's motion and the accompanying Gonzalez declaration, in February 2008 Magistrate Judge Brazil sanctioned defendant Chang in the amount of $3,551.30 for failing to appear at a settlement conference, and Chang did not pay the sanction until December 2009. *Id*. ¶¶ 17-20. Copies of plaintiff's billing records and invoices are attached to Mr. Gonzalez's declaration.

Defendant's opposition to the motion was due no later than August 20, 2010. Defendant did not file an opposition.

Reasonable attorneys' fees are determined by the "lodestar method," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In determining the appropriate number of hours to be included in a lodestar calculation, the Court should exclude hours "that are excessive, redundant, or otherwise unnecessary." *Id*. at 434. "The party seeking the award should provide documentary evidence to the court concerning the number of hours spent, and how it determined the hourly rate(s) requested." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

The Court finds that plaintiff has demonstrated the reasonableness of the fees and costs sought, and therefore GRANTS plaintiff's motion. Plaintiff's counsel staffed the case reasonably, with the majority of legal research and drafting of briefs performed by the lowest hourly-rate personnel (between $250-$350 per hour). After engaging in discovery and several rounds of summary judgment briefing, plaintiff obtained a significant monetary judgment against Chang. Defendant has not challenged any

of the claimed fees or expenses, and based on the Court's review of plaintiff's motion and supporting documents, the Court is satisfied that the sought fees and expenses are reasonable.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion for fees and costs from defendant Chang.  (Docket No. 116).

**IT IS SO ORDERED.**

Dated: September 7, 2010

SUSAN ILLSTON
United States District Judge

3